The opinion of the court was delivered by
McEnery, J.
The Treasurer of the City of New Orleans served ■on R. E. Rivers, for taxes alleged to be due the Oity of New Orleans, .the following notice:
“ New Orleans, La., January 24, 1889.
“To Mr. Robert E. Rivers: You are hereby notified that city taxes ■assessed to you on the following movable property, viz; Square No. '224, Assessment District 5, St. Charles, Common, Gravier and ■Oarondelet streets:
Copy of rolls for the year 1879. Amounting to Assessed value. Description of property.
1880 $110 91 $34,550 Horses $300, furniture $34,250
Bal. 1882 491 03 35.300 Horses $300, furniture $35,000
1883 603 00 30,150 Furniture
1884 16 00 800 Machinery
1885 922 0-2 36.300 Horses $1300,furniture $32,500, Mdse. $1000, jewelry $1500
1886 652,46 32.300 Horses $1300, furniture $30,000, Merchandise $1000
1887 1.258 46 62.300 Horses $1300,furniture $60,000, Merchandise $1000
1888 1.258 46 62.300 Horses $1300,furniture $60,000, Merchandise $1000
'Total, $5,312 34 $294,000
*1200 are unpaid and delinquent, and that they bear interest from the date-of delinquency at the rate of 10 per cent, per annum until paid. That after the expiration of three days from the service of this notice-if said taxes, interest and costs are not paid to the City Treasurer, I will-seize and take into my possession or place a keeper on said1 property preparatory to advertising for sale, in accordance with law, the same or so much thereof as may be necessary for the payment of taxes, interest and costs due as set forth above, all in conformity with Act 85 of 1888.
(Signed) “ J. N. Hardy, City Treasurer.”
Subsequently the following notice was served on Rivers:
“New Orleans, La., February 15, 1889.

“ R. E. Rivers, St. Charles Hotel:

“ Dear Sir — When my chief deputy in the back tax department,. Mr. Desposito, called on you in regard to the seizure of the furniture of the St. Charles Hotel in my name for the city taxes, you and he had some conversation about further proceedings in the case.
“ I now beg to inform you it becomes my official duty to advertise the property seized and to sell the same for city taxes due thereon., I will, therefore, proceed to advertise said property for sale Tuesday morning next, February 19, in accordance with law.
“ Respectfully,
(Signed) “ J. N. Hardy, City Treaurer.”
The plaintiff in injunction, for various reasons alleged by him, enjoined the advertisement and sale of the property, situated in the St. Charles Hotel, seized in pursuance of said notice.
It is admitted by the counsel for the city that all of- the furniture in the St. Charles Hotel was seized to enforce the collection of the above taxes. No other property was seized in pursuance of said notice.
There was judgment for the city for taxes assessed in 1880 and1 1882 against Rivers & Bartels, with interest at 10 per cent, from March 31, 1880, and for taxes of 1883, with the same interest from August 22, 1883, and for the taxes of 1885, with like interest from October 7, 1885, and for taxes of 1886, with like interest from October 1, 1886, and for taxes of 1887 and 1888, with like interest from-August 5 of each year.
*1201 The liens and privileges claimed by the city were recognized to exist on all the property under seizure for the taxes assessed on the property contained in the notices served on the tax debtor.
There was judgment for the plaintiff perpetuating the injunction for the tax on machinery for 1883 and 1884, and the taxes on stock in trade and jewelry for 1885 and for tax on stock in trade in 1886, and 1888.
The taxes for 1880 and 1882 are assessed against Rivers & Bartels, a particular partnership then engaged in the hotel business at the St. Charles Hotel building. The partnership was dissolved in 1883.
The liens and privileges for these years are prescribed. Sue. of Stewart, 41 An. 131.
The amount due for taxes by this firm is an ordinary debt.
The partnership was a distinct personality from the individuals composing it. Rivers owed on the dissolution of the partnership . one-half of the tax debt.
The assessed property is presumed to continue in the possession of j;he person to whom it is assessed. Tt was assessed to Rivers & Bartels, and the presumption is that it is in the possession of the firm, or its liquidator or the person who has assumed its liabilities. There is no evidence to show that Rivers is the liquidator of said partnership, or that he assumed its liabilities, or has in his possession the property assessed to Rivers & Bartels.
Property owned individually by Rivers, and acquired since the dissolution of the partnership, can not be seized to pay said taxes. No personal judgment can be rendered against him. The identical property assessed must be seized, unless there is some act of the tax debtor committed, or the situation of the property is such that it' can not be reached. Section 54 of Act No. 85 of 1888.
The property assessed to Rivers & Bartels is no longer in existence, as the furniture and carpets have been worn out by use and no longer possess any value.
The assessments of jewelry; merchandise or stock in trade and machinery was of property that never had an existence so far as the plaintiff is concerned, and the injunction as to these was perpetuated.
‘ ‘ Horses ’ ’ are assessed against Rivers from 1885 to 1888 at a valuation of $1300. It is in proof he owned no horses at the period of assessments. He owned one horse and one market wagon for use *1202 of marketing for the hotel. This is different property from “ horses ” valued at $1800. Rivers made a written application to.the Board of Assessors for reduction of assessments and for cancellation of property assessed which he did not own. He visited the office of the board some eight times, and was informed on the last visit, by the president of the board, the proper corrections had been made. While not expressing the opinion that this was a compliance with the law in the mode pointed out for the correction of assessment, yet we consider it as a protest against being assessed for property of which he was not the owner. This was not a misdescription of the property, or a wrongful valuation, but an assessment of property that had no existence. The authorities referred to by the counsel of the city have no application to the facts in this case.
There was no seizure of horses and vehicles belonging to and assessed against the plaintiff. The seizure of other property not assessed was made to collect the tax due by Rivers, without a compliance with the provisions of Section 54 of Act 85 of 1888.
It is fatal to the city’s attempt to seize and sell the property situated in the St. Charles Hotel to collect the taxes alleged to be due that said property is seized for taxes due by other property, situated in a different locality, and distinctly and separately assessed. There was no seizure of the property assessed to the plaintiff except for taxes due on the specific property situated in the St. Charles Hotel.
Art. 210 of the Constitution provides that there shall be no forfeiture for taxes, either on movable or immovable property, for nonpayment of taxes, but that they shall be collected without suit, after giving due notice to the delinquent.
The property assessed is the only property that can be seized, unless the debtor does something to bring the property within the exception provided for in Section 54 of Act 85 of 1888, or the property is of such a character that it can not be seized directly. V. & A. Meyer & Co. vs. Tax Collector, 41 An. 441.
The taxes on all property situated within the St. Charles Hotel have been paid up to and including 1886.
All the property in this hotel was seized, and a lien and privilege recognized on it by the judgment appealed from to satisfy the tax due on the furniture and property situated in the Hotel Royal. Some furniture had been exchanged between the hotels Royal and *1203 St. Charles, but before the assessment and after the payment of taxes on the St. Charles Hotel property. There was no seizure made of any of the Hotel Royal property, although it was separately assessed.
The St. Charles Hotel furniture was seized to pay the taxes on property of every description assessed against the plaintiff Rivers. It was seized to pay the taxes due on the Hotel Royal furniture, and for stock in trade and bar of said hotel for taxes of 1887 and 1888. There has been no effort to conceal property assessed by the plaintiff. It is not of such a character that it can not be seized. The furniture assessed at Hotel Royal is there, and has been in said hotel since the day of its assessment.
When the property assessed is in existence and in the possession of the tax debtor, and is accessible for the purposes of seizure, the Tax Collector can not seize other property of the tax debtor to pay the tax due by the specific property assessed.
In the case of V. & A. Meyer, 41 An. 441, which was affirmed in Oteri vs. Parker, Tax Collector, not yet reported, this court said: “The revenue acts of 1888 and of prior years, since the date of the Constitution, fully recognize the constitutional mandate, and make it the duty of the collectors to enforce the payment of taxes on movable as well as on immovable property by seizing and selling the ‘property on which the taxes are due.’ They provide for its direct seizure when it lies open to such; and in case it is in the debtor’s possession and out of reach, they provide for a demand on the tax debtor to produce and deliver it, and in case he refuses, they authorize-a summary proceeding in the courts to compel him to do so. It is only when this property ‘ has been concealed, parted with or dis-' ■posed of by the tax debtor,’ that the seizure of- other property is in any manner authorized. Act 85 of 1888, Sec. 54.”
The City of New Orleans, in her efforts to collect the tax, has not brought herself within the exception provided by Act 85 of 1888. The seizure of the property was not made in conformity to law, and is therefore illegal.
After filing a general denial, the city reconvened and prayed for a personal judgment against the plaintiff for the amount of taxes claimed. The-eity prays that the judgment in her favor be amended and the amount obtained on the reconventional demand be increased.
*1204 As no suit can be instituted against the tax debtor and a personal judgment rendered against him, the reconventional demand should have been rejected. Art. 210, Constitution.
It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided, reversed and amended, and it is now ordered and decreed that there be judgment in favor of the plaintiff perpetuating the injunction herein, except as to the furniture in the St. Charles Hotel for the taxes, without interest and penalties, assessed against the same for the years 1887 and 1888, reserving to defendant the right to recover any taxes, if any are due, on other property legally assessed against plaintiff, the appellee to pay costs of both courts.